RECEIVED
USDC CLERK, CHARLESTON, SC

2007 NOV -2  P 1: 02

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Toratio Deval Williams, *formerly #1131207*, | ) ) ) | C/A No. 9:07-3437-MBS-GCK |
| Plaintiff, | ) ) ) | Report and Recommendation |
| vs. | ) ) ) ) | |
| Debra Jones, Defendant. | ) ) ) ) | |



## Introduction

This detainee, proceeding *pro se*, brings a civil rights action pursuant to 42 U.S.C. § 1983 against a nurse at the Dorchester County Detention Center for alleged violations of a federal law, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and for violations of state "DHEC" (South Carolina Department of Health and Environmental Control) regulations.[1] The plaintiff is incarcerated at the Dorchester County Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. This action should be summarily dismissed because the plaintiff failed to state a claim upon which relief may be granted.

## Factual Background

The plaintiff alleges that the defendant nurse who works at the Dorchester County Detention Center permits the detention center correctional officers to "pass out" prescription medicines to detainees. (Compl. at 3.) He alleges that this occurs "especially on the weekends at night time" and that the officers are unlicensed to handle prescription medicines. *Id.* The plaintiff

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

alleges that the officers' actions violate state and federal statutes and regulations and that he has filed grievances to halt this practice but that it continues. The plaintiff alleges that he takes mental health prescribed medications. He seeks prospective injunctive relief to halt the officers' actions – "to stop this lawbreaking."

The plaintiff attached to his Complaint a copy of his October 2, 2007, Grievance Form, which he entitled "C.O.'s Passing Out Meds." The grievance was answered in writing on October 5, 2007. The response states "C.O.'s meaning officers do not prepare medication for anyone. Your name is printed on the package of medication that's prepared by the appropriate person or persons designated based on the doctor's orders." (Ex.1 to Compl.)

## Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a

defendant who is immune from such relief." Section 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Furthermore, even if the plaintiff had paid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Discussion

I. Lack of Standing.

To file a lawsuit in federal court, a plaintiff must have Article III standing. *See McConnell v. Federal Elec. Comm'n*, 540 U.S. 93, 226 (2003) (noting that "'a threatened injury must be *certainly impending* to constitute injury in fact'"); *Friends of the Earth, Inc. v. Laidlaw Environmental Serv. (TOC)*, 528 U.S. 167, 198 (2000) (noting that for a plaintiff to demonstrate standing at the pleading stage "[g]eneral allegations of injury may suffice..." and that a plaintiff must demonstrate how he personally was harmed and his subjective apprehensions of the threat of injury are not sufficient). There are three essential elements of standing: injury in fact, causation, and a substantial likelihood that the requested relief will remedy the alleged injury in fact. *Fisher v. King*, 232 F.3d 391, 396 n.5 (4th Cir. 2000).

Although the plaintiff alleges that he takes prescribed mental health medications, even liberally construing the Complaint, he does not allege any facts whatsoever that would tend to prove that he has suffered an injury in fact. The plaintiff does not allege general allegations of harm to himself either in the past or a threatened injury in the future. This Court gleans from his Complaint that he is uncomfortable with the defendant's practice of permitting the officers to "pass out" prescription medicines and he strongly believes that they should be following the applicable laws concerning dispensing controlled medicines. Even if this Court assumes that the defendant has violated federal and state laws related to distribution of prescription medicines, the plaintiff's allegations do not satisfy the Article III requirement of standing. *Cf. White v. State of Utah*, 41 Fed. Appx. 325, *available at* 2002 WL 1038767 (10th Cir. 2002) (finding that prisoner's claim attacking stem cell research was properly dismissed for lack of standing); *Martin v. Keitel*, 205 Fed. Appx.

4

925, *available at* 2006 WL 3006725 (3rd Cir. 2006) (holding that *sua sponte* dismissal of a prisoner's 1983 action was appropriate because even if the defendants violated his rights in the past, the prisoner is not entitled to a declaration to that effect because he failed to "'... allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.'"); *Kennedy v. Lake*, 207 Fed. Appx. 900, *available at* 2006 WL 3480400 (10th Cir. 2006) (finding that a prisoner's 1983 claim was properly dismissed because he suffered no actual harm and therefore lacked standing).

To the extent that this plaintiff is attempting to protect other detainees from injury due to alleged violations of laws that govern the distribution of prescription medicines, he lacks standing to litigate their claims. *See Inmates v. Sheriff Owens*, 561 F.2d 560, 562-563 (4th Cir. 1977) (one *pro se* inmate does not have standing to sue on behalf of another inmate). *See also Lake Carriers Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972); *Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others). *Cf. Oxendine v. Williams*, 509 F.2d 1405, 1407 & n.* (4th Cir. 1975) (a *pro se* prisoner unassisted by counsel cannot be an advocate for others in a class action). Accordingly, the plaintiff's Complaint should be summarily dismissed for lack of standing.

II. <u>No Basis for a Private Suit under § 1983.</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In his attempt to satisfy the first element of a § 1983 claim, the plaintiff alleges that the defendant has been, and continues to, violate HIPAA federal law (statutes or regulations) and South Carolina DHEC regulations. For a plaintiff to bring a claim pursuant to

42 U.S.C. § 1983 to enforce a federal law, the court must discern whether that federal law created a private individual right; the inquiry requires "a determination as to whether or not Congress intended to confer individual rights upon a class of beneficiaries." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002) (holding that the nondisclosure provisions of the Family Educational Rights and Privacy Act ("FERPA") are *not* enforceable under § 1983). "'[R]ights, not the broader or vaguer 'benefits' or 'interests' [are to] be enforced under the authority of [§ 1983].'" *Doe v. Kidd*, No. 05-1570, ___ F.3d ___ (4th Cir. September 19, 2007).

While it appears that the Fourth Circuit Court of Appeals has not decided the issue, the undersigned finds that for § 1983 purposes HIPAA did *not* create a private individual right that the plaintiff can enforce. *See Doe v. Bd. of Trustees of the Univ. of Illinois*, 429 F.Supp.2d 930, 944-45 (N.D. Il. 2006) (noting that "[e]very court to have considered the issue ... has concluded that HIPAA does not authorize a private right of action" and finding that the plaintiff could not state a claim under § 1983 for violation of HIPAA); *Pecou v. Forensic Comm. Pers.*, No. 06-cv-3714, *available at* 2007 WL 1774693 (E.D.N.Y. June 18, 2007) (finding that HIPAA did not confer a private right of action for plaintiff to enforce using § 1983). One court explained that HIPAA was enacted by Congress to prohibit "group health plans from discriminating against individual participants and beneficiaries on the basis of their health status." *Healthtek Solutions, Inc. v. Fortis Benefits Ins. Co.*, 274 F.Supp.2d 767, 774 (E.D. Va. 2003). It appears that HIPAA does not govern or relate to the distribution of prescription medicines; it governs the disclosure of medical information. *Cf. Parker v. Quinn*, No. 1:04-cv-313, *available at* 2006 WL 980810 (N.D. Miss. Apr. 12, 2006) (explaining that HIPAA regulations govern what information may be released or disclosed); *Doe*, 429 F.Supp.2d at 944 (noting that HIPAA provides civil and criminal penalties for

improper disclosure of medical information). The undersigned cannot discern a right under HIPAA that the plaintiff could enforce pursuant to § 1983. Additionally, § 1983 cannot provide the plaintiff a remedy for an alleged violation of South Carolina DHEC regulations because only certain federal law or constitutional violations may be remedied under that statute. *See Doe*, 429 F.Supp.2d at 944 (noting that violations of state law do not give rise to a claim under § 1983). Thus, even if the plaintiff had alleged an injury in fact, the plaintiff fails to state a claim cognizable under § 1983.

## Recommendation

It is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

*The petitioner's attention is directed to the important notice on the next page.*

George C. Kosko
United States Magistrate Judge

November 1, 2007
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).