IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Toratio Deval Williams, #262736, ) | |
| ) | C/A No. 9:07-CV-3437-MBS-GCK |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION AND** |
| ) | **O R D E R** |
| Debra Jones, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Toratio Deval Williams is an inmate in the custody of the South Carolina Department of Corrections. At the time he filed the complaint, he was housed in the Dorchester County Detention Center. Appearing *pro se*, Plaintiff brings the captioned action pursuant to 42 U.S.C. § 1983, alleging that certain medical policies are being violated. He specifically alleges that "they [Defendant Jones] keep letting unlicensed C.O.'s pass out prescribe medications to inmates in D.C.D.C. . . ." (Compl. at 3 (errors in original).)

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate Judge George C. Kosko for pretrial handling. The Magistrate Judge reviewed the *pro se* complaint pursuant to the provisions of 28 U.S.C. § 1915 and filed a Report and Recommendation on November 2, 2007. ("Report and Recommendation.") The Magistrate Judge found that Plaintiff failed to state a claim under Section 1983 and recommended that Plaintiff's complaint be summarily dismissed without prejudice and without issuance and service of process. (Report and Recommendation at 7.)

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo

determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

On November 9, 2007, Plaintiff filed objections to the Report and Recommendation. ("Plaintiff's Objections.") Plaintiff raises one specific objection to the Report and Recommendation. Plaintiff states that, "the grievance states they don't prepare the meds but it never states that they don't pass out the meds . . . ." (Plaintiff's Objections at 1.) Generally, to state a cognizable claim under Section 1983, a plaintiff must allege "(1) that the defendant was acting under color of state law in the actions complained of; and (2) that the defendant deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States." Clark v. Link, 855 F.2d 156, 161 (4th Cir. 1988)(citing Briley v. California, 564 F.2d 849, 853 (9th Cir. 1977)). A violation of state law alone does not establish a cause of action under Section 1983. See id.

In his complaint, Plaintiff alleges that Defendant "keeps stating, the the [sic] C.O.'s a[t] D.C.D.C. can pass out medications . . .," and that allowing the C.O.s to pass out medications violates "DHEC/HIPAA Regulations." (Compl. at 3 (errors in original).) As noted by the Magistrate Judge, HIPAA does not create a private right of action nor does it relate to the distribution of prescription medicines. (See Report and Recommendation at 6.) Additionally, Plaintiff does not clearly identify which South Carolina Department of Health and Environmental Control ("DHEC") regulations have allegedly been violated by allowing C.O.s to pass out prescription medicines. Nevertheless, even if Plaintiff had alleged a clear violation of DHEC regulations, he would have only alleged a violation

2

of state law and failed to state a cognizable claim pursuant to Section 1983. See Clark, 855 F.2d at 161. As such, Plaintiff's objection is without merit.

In addition, Plaintiff does not object to the Magistrate Judge's finding that Plaintiff lacks standing to bring this case because he failed to allege that he has suffered an injury in fact. By failing to specifically allege an injury in fact, Plaintiff has failed to state a claim upon which relief can be granted. See Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006)(citing Lewis v. Casey, 518 U.S. 343, 351 (1996)). Therefore, after thorough review of the Report and Recommendation, Plaintiff's Objections, and the applicable case law, the court concurs with the Magistrate Judge's findings. Accordingly, this case is summarily dismissed without prejudice and without issuance of service of process.

On a separate issue, Plaintiff's filing included obscene, profane, and abusive statements. Plaintiff is advised that should he continue to file papers containing similarly obscene, profane, or abusive statements, filing restrictions and other appropriate sanctions may be imposed pursuant to 28 U.S.C. § 1651. See Werner v. Utah, 32 F.3d 1446, 1447-48 (10th Cir. 1994).

**IT IS SO ORDERED.**

    s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina
April 4, 2008

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**